| | | |
|---|---|---|
| STATE OF INDIANA | ) | LAKE COUNTY CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | CAUSE NO. 45C01-1908-CT-000817 |

ANDREA PALMER and
EDWARD DEVEN,

      Plaintiffs,

  vs.

LARRY BLOOD, JR. and
U.S. BULK TRANSPORT, INC.,

      Defendants.

## ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR TRIAL BY JURY

Defendants, Larry Blood, Jr. and U.S. BULK TRANSPORT, INC. ("defendants"), by counsel, and for their answer to plaintiffs' complaint ("complaint"), state the following:

1. On August 9, 2017, at approximately 10:50 a.m., the plaintiffs, Andrea Palmer and Edward Deven, were in a motor vehicle stopped southbound on Burr Street near 1-80 at a stop light in Gary, Lake County, Indiana.

**ANSWER: Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 1 of the Complaint and therefore deny the same.**

2. At said time and place, the Defendant, Larry Blood, Jr., was operating a tractor trailer southbound on Burr Street when he collided with the rear of the vehicle occupied by plaintiffs.

**ANSWER: Defendants deny they were negligent in any respect. Further answering, defendants admit that defendant Larry Blood, Jr., was operating**

a tractor-trailer southbound on Burr Street when he was hit from behind by a blue and white garbage truck that forced his vehicle into the vehicle occupied by plaintiffs. Defendants deny any remaining allegations contained in paragraph 2 of the Complaint.**

3. The Defendant, Larry Blood, Jr.', negligent conduct includes, but is not limited to the following:

    a. Failing to keep a proper lookout;

    b. Driving at an unreasonable speed for the conditions;

    c. Failing to keep a proper distance between his tractor trailer and the vehicle in front of him; and

    d. Starting his vehicle from a stop position when it was not safe to do so; and

    e. Driving in such a manner as to cause the collision.

**ANSWER: Defendants deny the allegations contained in paragraph 3 of the Complaint.**

4. Defendant, Larry Blood, Jr., was an agent and/or employee of Defendant, U.S. Bulk Transport, Inc. and was acting in the course and scope of his agency and/or employment at the time of the collision, so as to make Defendant, U.S. Bulk Transport, Inc. liable for the acts of its agents and/or employees.

**ANSWER: Defendants deny they were negligent in any respect. Further answering, defendants admit that defendant Larry Blood, Jr., was operating a tractor-trailer within the course and scope of his agency with defendant**

**U.S. Bulk Transport, Inc. at the time of the accident and that U.S. Bulk Transport is liable for the acts of defendant Larry Blood within the course and scope of his agency. Defendants deny any remaining allegations contained in paragraph 4 of the Complaint.**

5. Regardless of the relationship between Defendants, Larry Blood, Jr. and U.S. Bulk Transport, Inc., Defendant, U.S. Bulk Transport, Inc., was the owner of the USDOT number displayed on the tractor trailer involved in this collision and is therefore liable for the acts of the driver of that tractor trailer.

**ANSWER: Defendants deny they were negligent in any respect. Further answering, defendants admit that defendant, U.S. Bulk Transport, Inc. was the owner of the USDOT number displayed on the tractor-trailer operated by defendant Larry Blood, Jr. at the time of the accident, that he was operating the tractor-trailer within the course and scope of his agency with defendant U.S. Bulk Transport, Inc., and that U.S. Bulk Transport is liable for the acts of defendant Larry Blood within the course and scope of his agency. Defendants deny any remaining allegations contained in paragraph 5 of the Complaint.**

6. As a direct and proximate cause of the Defendants' negligent conduct, the Plaintiffs, Andrea Palmer and Edward Deven, suffered injuries, some of which are permanent, suffered a loss of wages, suffered property damage, incurred expenses for medical care, testing and treatment, suffered physical and mental pain and suffered an inability to engage in their normal daily activities for an indefinite period of time.

**ANSWER:** Defendants deny the allegations contained in paragraph 6 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants, Larry Blood, Jr. and U.S. BULK TRANSPORT, INC., by counsel, and for defendants' affirmative defenses to plaintiffs' Complaint, state as follows:

1. In the event that it is established that the defendants, Larry Blood, Jr. and U.S. BULK TRANSPORT, INC., were negligent, defendants contend that the causal negligence of plaintiffs is greater than 50% of the total of the occurrence, which is the subject of this litigation, thereby barring plaintiffs' claim for damages.

2. In the alternative, in the event that it is established that the causal negligence of plaintiffs is 50% or less, defendants, Larry Blood, Jr. and U.S. BULK TRANSPORT, INC., hereby assert that the amount of plaintiffs' damages be diminished in proportion to the amount of causal negligence attributable to plaintiffs.

3. Subject to further discovery, plaintiffs may have failed to mitigate plaintiffs' damages.

4. Plaintiffs' claims are barred by the doctrine of sudden emergency.

5. Plaintiffs' claims were caused, in whole or in part, by a non-party over which defendants had no control, namely the driver of a blue and white garbage truck.

6. Subject to further discovery, plaintiffs may have received payments from other sources that act as a collateral source set off.

7. Defendants, Larry Blood, Jr. and U.S. BULK TRANSPORT, INC., specifically deny any allegation within the Complaint that was not specifically admitted.

8. Defendants, Larry Blood, Jr. and U.S. BULK TRANSPORT, INC., reserve the right to amend defendants' affirmative defenses based upon further investigation or discovery.

WHEREFORE, defendants, Larry Blood, Jr. and U.S. BULK TRANSPORT, INC., by counsel, respectfully request that plaintiffs take nothing by way of plaintiffs' Complaint, for costs of this action, and for all other necessary and proper relief.

## DEMAND FOR TRIAL BY JURY

Defendants, Larry Blood, Jr. and U.S. BULK TRANSPORT, INC., by counsel, respectfully demand that this case be tried by jury.

Respectfully submitted,

WHITTEN LAW OFFICE

/s/Michael T. Terwilliger
Christopher R. Whitten/20429-49
Michael T. Terwilliger/20398-64
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was served on the following by electronic mail through the Court's system on December 9, 2019:

Benjamen W. Murphy, Esq.
426 N. Broad Street
Griffith, IN 46319
benmur01@gmail.com
*Counsel for Plaintiffs*

                                              /s/Michael T. Terwilliger
                                              Michael T. Terwilliger

Michael T. Terwilliger, Esq.
WHITTEN LAW OFFICE
450 Vale Park Rd, Suite D
Valparaiso, IN 46385
PH:   219-531-6719
Fax:  219-531-6471
mterwilliger@indycounsel.com